**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **HAWK TECHNOLOGY SYSTEMS, LLC,** | |
| Plaintiff, | **Case No. 2:14-cv-216** |
| v. | **PATENT CASE** |
| **THE OLD EVANGELINE DOWNS, L.L.C.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT

Hawk Technology Systems, LLC files this Complaint against The Old Evangeline Downs, L.L.C. for infringement of United States Patent No. RE43,462.

## THE PARTIES

1. Plaintiff Hawk Technology Systems, LLC ("HTS") is a Florida Limited Liability Company with its principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

2. HTS also maintains a place of business at 305 South Broadway Avenue, Suite 114, Tyler, Texas 750702.

3. Defendant The Old Evangeline Downs, L.L.C. ("Defendant") is a Louisiana Limited Liability Company with its principal place of business at 2235 Creswell Lane Extension, Opelousas, Louisiana 70570.

4. Defendant has systematically engaged in activities directed toward Texas, including the Eastern District of Texas. For example, using Defendant's website (www.evangelinedowns.com), consumers, including those in the Eastern District of Texas, can

1

book a hotel room by clicking on "Book a Room" on the "Hotel" webpage (http://www.evangelinedowns.com/stay/hotel). Similarly, consumers, including consumers within the Eastern District of Texas, can use Defendant's website to get driving directions from locations across the United States, including locations within the Eastern District of Texas, to visit Defendant's location and engage in commercial activity with Defendant.

5. On information and belief, Defendant uses within the United States products, including but not limited to, DataCom Systems Network Video Solution.

## NATURE OF THE ACTION

6. This is a civil action for infringement of United States Patent No. RE43,462 (the "Patent-in-Suit"), arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

8. Defendant conducts substantial business directed to this forum, including regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b)

10. This Court has personal jurisdiction over Defendant and venue is proper in this district because Defendant has committed, and continues to commit, acts of infringement in and directed toward the State of Texas, including in this district and has engaged in continuous and systematic activities in the State of Texas, including in this District.

## THE PATENT-IN-SUIT

11. The Patent-in-Suit, U.S. Patent No. RE43,462, entitled "Video Monitoring and Conferencing System," was reissued on June 12, 2012; it is a reissue of United States Patent No. 5,625,410 (the '410 Patent), which was duly and legally issued by the United States Patent and Trademark Office on April 29, 1997. A copy of the Patent-in-Suit is attached hereto as Exhibit A. The independent claims in the reissued '462 Patent are substantially identical to the corresponding claims in the original '410 Patent.

12. HTS is the exclusive owner of all rights, title, and interest in the Patent-in-Suit, including the right to exclude others and to enforce, sue and recover damages for past and future infringement thereof.

13. The named inventors, Messrs. Ken Washino and Barry Schwab, have collaborated on a number of other pioneering inventions resulting in patents in the areas of video archiving, video downloading and digital cinema.

14. Mr. Schwab is a named inventor on more than thirty patents, ranging from consumer products to secure network computing.

## INFRINGEMENT OF THE PATENT-IN-SUIT

15. HTS incorporates paragraphs 1 through 14 by reference as if fully stated herein.

16. The Patent-in-Suit is valid and enforceable.

17. Defendant has directly infringed, and continues to directly infringe, one or more claims of the Patent-in-Suit under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing products and/or methods embodying the patent and therefore encompassed by those claims.

18. HTS has given Defendant notice of its infringement by virtue of service or acknowledged delivery of this complaint.

19. Defendant's use of the DataCom Systems Network Video Solution video surveillance system is an example of an infringing product and/or method.

20. HTS has been and continues to be damaged by Defendant's infringement of the Patent-in-Suit.

21. Defendant's actions complained of herein are causing irreparable harm and damages to HTS and will continue to do so unless and until Defendant is enjoined and restrained by the Court.

22. Defendant's conduct in infringing the Patent-in-Suit renders this case exceptional within the meaning of 35 U.S.C. § 285.

## JURY DEMAND

23. Plaintiff HTS hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, HTS prays for judgment as follows:

A. That Defendant has infringed one or more claims of the patent-in-suit;

B. That Defendant account for and pay all damages necessary to adequately compensate HTS for infringement of the patent-in-suit, such damages to be determined by a jury, and that such damages be awarded to HTS with pre-judgment and post-judgment interest;

D. That Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or actively participating with them, be permanently enjoined from directly or indirectly infringing the patent-in-suit; or, in

the alternative, judgment that Defendant account for and pay to HTS an ongoing post-judgment royalty reflecting Defendant's deliberate continuing infringement;

E. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that HTS be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

F. That HTS be awarded such other and further relief as this Court deems just and proper.

DATED:  March 12, 2014

                                  Respectfully submitted,

                                /s/ David A. Bailey
                              Everett Upshaw, Managing Attorney
                              State Bar of Texas No. 24025690
                              everettupshaw@everettupshaw.com
                              David A. Bailey, of Counsel
                              State Bar of Texas No. 24078177
                              davidbailey@everettupshaw.com
                              **LAW OFFICE OF EVERETT UPSHAW, PLLC**
                              811 S. Central Expressway, Suite 307
                              Richardson, Texas 75080
                              P: (214) 680-6005
                              F: (214) 865-6086

                              ***ATTORNEYS FOR PLAINTIFF***